# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 19-16419

United States of America, Plaintiff-Respondent,

vs.

Markette Tillman, Defendant-Appellant.

Appeal of Denial of 2255 Petition

U.S. District of Nevada

**Excerpts of Record, Volume 1**

Jim Hoffman, Esq.

PO Box 231246

Las Vegas, NV 89105

(702) 483-1816

Attorney for Appellant Markette Tillman

**Index of Excerpts of Record**

| Description | Date | Page | Ex. | Vol. |
|---|---|---|---|---|
| Order on 2255 Motion | 6/24/19 | 1 | 1 | 1 |
| Order Granting Certificate of Appealability | 11/18/19 | 16 | 2 | 2 |
| Notice of Appeal (2255 Motion) | 7/17/19 | 19 | 3 | 2 |
| Govt's Supplemental Opposition to 2255 Motion (with Attorney Affidavits) | 12/4/18 | 48 | 4 | 2 |
| Order Vacating Attorney-Client Privilege | 11/7/18 | 60 | 5 | 2 |
| Petitioner's Reply on 2255 Motion | 2/21/17 | 63 | 6 | 2 |
| Govt's Opposition to 2255 Motion | 1/25/17 | 76 | 7 | 2 |
| Petitioner's 2255 Motion (with Affidavit) | 4/25/16 | 90 | 8 | 2 |
| Mandate on Direct Appeal | 6/24/15 | 109 | 9 | 2 |
| Ninth Circuit Order Dismissing Direct Appeal | 5/18/15 | 111 | 10 | 2 |
| Judgment of Conviction | 1/29/15 | 113 | 11 | 2 |
| Order on Defendant's Letter B | 1/20/15 | 120 | 12 | 2 |
| Transcript, Hearing | 11/25/14 | 122 | 13 | 2 |
| Govt's Opposition to Motion to Withdraw as Counsel | 11/19/14 | 155 | 14 | 2 |
| Defendant's Letter B to the District Court | 11/19/14 | 160 | 15 | 2 |
| Joinder to Motion to Withdraw as Counsel | 11/18/14 | 163 | 16 | 2 |
| Motion to Withdraw as Counsel | 11/17/14 | 168 | 17 | 2 |
| Order on Defendant's Letter A | 9/9/14 | 175 | 18 | 2 |
| Defendant's Letter A to the District Court | 9/2/14 | 178 | 19 | 2 |
| Plea Agreement | 7/29/14 | 181 | 20 | 2 |
| Transcript, Change of Plea Hearing | 7/29/14 | 196 | 21 | 2 |
| Transcript, Trial Day Two | 7/29/14 | 230 | 22 | 2 |
| Transcript, Trial Day One | 7/28/14 | 263 | 23 | 2-3 |
| Ninth Circuit Order Regarding Disappointment of Previous Attorney | 6/30/14 | 441 | 24 | 3 |
| Transcript of Status Conference | 4/1/14 | 466 | 25 | 3 |
| Order Denying Second Speedy Trial Motion | 3/28/14 | 482 | 26 | 3 |
| Errata to Reply on Second Speedy Trial Motion | 3/19/14 | 490 | 27 | 3 |
| Reply on Second Speedy Trial Motion | 2/28/14 | 494 | 28 | 3 |
| Govt's Response to Second Speedy Trial Motion | 2/7/14 | 507 | 29 | 3 |
| Order Granting Stipulation to Continue Trial | 1/24/14 | 527 | 30 | 3 |
| Second Speedy Trial Motion | 1/21/14 | 531 | 31 | 3 |
| Stipulation to Continue Trial | 1/17/14 | 550 | 32 | 3 |
| Order Denying First Speedy Trial Motion | 10/22/13 | 556 | 33 | 3 |

| | | | | |
|---|---|---|---|---|
| Transcript, Calendar Call | 10/22/13 | 561 | 34 | 3 |
| Govt's Opposition to First Speedy Trial Motion | 10/18/13 | 581 | 35 | 3 |
| First Speedy Trial Motion | 10/8/13 | 597 | 36 | 4 |
| Order to Continue Trial | 10/7/13 | 611 | 37 | 4 |
| Motion to Withdraw Motion to Continue Trial | 9/30/13 | 613 | 38 | 4 |
| Transcript, Status Conference | 9/27/13 | 617 | 39 | 4 |
| Motion to Continue Trial | 9/26/13 | 639 | 40 | 4 |
| Order on Attorney Conflicts | 9/16/13 | 663 | 41 | 4 |
| Motion on Attorney Conflicts | 8/28/13 | 667 | 42 | 4 |
| Transcript, Status Conference | 6/19/13 | 681 | 43 | 4 |
| Order Disappointing Attorney | 2/27/13 | 703 | 44 | 4 |
| Transcript of Hearing | 2/27/13 | 706 | 45 | 4 |
| Order Denying Motion for Second Counsel | 2/21/13 | 770 | 46 | 4 |
| Transcript, Hearing | 1/11/13 | 773 | 47 | 4 |
| Transcript, Status Conference | 10/10/12 | 792 | 48 | 4 |
| Transcript, Status Conference | 7/6/12 | 815 | 49 | 4 |
| Superseding Indictment | 1/24/12 | 830 | 50 | 4 |
| Stipulation to Continue | 1/12/12 | 847 | 51 | 4 |
| Transcript of Motion Hearing | 12/2/11 | 854 | 52 | 4-5 |
| Order on Complex Case Schedule | 4/1/11 | 905 | 53 | 5 |
| Objections to Govt's Proposed Complex Case Schedule | 3/29/11 | 910 | 54 | 5 |
| Govt's Proposed Complex Case Schedule | 3/25/11 | 924 | 55 | 5 |
| Stipulation to Continue | 8/13/09 | 934 | 56 | 5 |
| Stipulation to Continue | 3/5/09 | 941 | 57 | 5 |
| Indictment | 10/28/08 | 949 | 58 | 5 |
| Docket Sheet | N/A | 979 | 59 | 5 |

NB: The indictment and the transcripts for 2/27/13 and 11/25/14 were sealed in the lower court. However, in compliance with Circuit Rule 27-13 they are being filed publicly with the rest of the EOR.

# Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:08-cr-0283-KJD-PAL |
| Plaintiff, | 2:16-cv-0955-KJD |
| v. | **ORDER** |
| MARKETTE TILLMAN, | |
| Defendant. | |

There are two motions pending before the Court. First is Markette Tillman's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (#1098). The government timely responded (#1138), and Tillman replied (#1139). Before the Court could decide Tillman's motion to vacate, he moved to amend that motion (#1140). The Court performed an initial review of Tillman's motion to vacate and his motion to amend in late 2018. Following that review, the Court waived the attorney-client privilege between Tillman and his trial counsel, Lance Maningo and James Oronoz. That order directed the attorneys to provide the government with affidavits addressing Tillman's claims, which they did (#1185). The Court also ordered the government to respond to Tillman's motion to amend and to supplement its initial opposition, which it did (##1186, 1187). Tillman has not replied.

Tillman's initial § 2255 petition brought four causes of action. Three are claims of ineffective assistance of counsel leading up to his trial for charges under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The other is a claim for a violation of Tillman's Sixth Amendment right to the counsel. Tillman seeks to add another ineffective assistance of counsel claim arising out of his attorneys' performance at his sentencing. The parties agree that Tillman's new claim is untimely. His motion to amend therefore turns on whether his new ineffective assistance of counsel claim relates back to his initial claims even

though the claim arises out of an entirely different stage in the proceeding than the others. If it does not relate back, Tillman's new claim is time-barred. Tillman's motion to vacate, on the other hand, turns on whether he received ineffective assistance of counsel and whether he knowingly and voluntarily entered into a plea agreement that waived certain appellate rights. As for Tillman's motion to amend, the Court finds that Tillman's new claim arises out of facts that differ in both time and type from the claims in his initial petition. The new claim, therefore, does not relate back. The Court further finds that Tillman has not shown that his trial counsel was constitutionally deficient, and to the extent that Tillman's petition attacks the waiver of his appellate rights, that waiver was knowing and voluntary. Accordingly, the Court denies Tillman's motion to vacate his sentence.

**I.** **Background**

On January 20, 2004, security guard Brian Wilcox was shot and killed while patrolling "the Jets," a housing complex in Las Vegas, Nevada. In the fall of 2008, Markette Tillman and nine others were indicted for the murder and various conspiracy and drug charges under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See Indictment 2–3, 10, ECF No. 1. The indictment identifies a street gang called the "Playboy Bloods" as the criminal organization under RICO. Id. at 2, 27. It alleges that the gang operated an extensive drug ring and engaged in acts of violence to further that enterprise. Id. at 3–4. The government brought additional charges against Tillman via a superseding indictment in 2012. Superseding Indictment, ECF No. 650. In all, Tillman faced nineteen charges arising out of his involvement with the Playboy Bloods including conspiracy to engage in an illicit organization, various drug charges, and the use of a firearm during a crime of violence resulting in Wilcox's murder. Id.

The RICO-murder charge against Tillman made this a capital case, which qualified Tillman for learned counsel. Judge Robert Jones, who was originally assigned to this case, appointed California attorney, John Grele, as learned counsel on Tillman's behalf. Order Appointing Counsel, ECF No. 123. Although the government ultimately did not pursue the death penalty against Tillman, Grele continued to represent him until February of 2013 when a dispute arose over delayed payment of Grele's CJA vouchers. Order of Disappointment, ECF No. 807.

1 Judge Jones held a hearing to resolve the dispute over the vouchers. Following that hearing,
2 Judge Jones issued a written order that accused Grele of "extort[ing] the court by delay" and
3 "attempting to manufacture an ineffective assistance of counsel claim on [Tillman's] behalf."
4 The Judge then disappointed Grele over Tillman's objections and appointed Lance Maningo and
5 James Oronoz in Grele's place. Id.

6 Tillman rejected various plea offers while Maningo and Oronoz represented him, opting
7 instead to go to trial as quickly as possible. Mot. to Vacate 7–7B, ECF No. 1098. At issue here is
8 an agreement that would have carried an eighteen-year sentence. Id. Tillman claims that he
9 rejected that plea deal because he believed he could clear his name of the murder charge at trial.
10 Id. at 7B. After opening statements, however, Tillman had a change of heart and entered into a
11 plea agreement. Tillman agreed to plead guilty to two of the nineteen counts of the indictment
12 and waived his appellate rights except for the unwaivable right to appeal ineffective assistance of
13 counsel. Plea Agreement 2–3, ECF No. 1018. In exchange, the government recommended a
14 twenty-three-year sentence. Id. at 11. The Court accepted the agreement and sentenced Tillman
15 to twenty-three years. Judgment of Conviction 2, ECF No. 1046.

16 Shortly after sentencing, Tillman appealed his conviction to the Ninth Circuit. The Ninth
17 Circuit dismissed the appeal, citing the valid appeal waiver in Tillman's plea agreement. Order
18 Dismissing Appeal, ECF No. 1073. Having lost his appeal, Tillman now moves to set aside his
19 conviction under 28 U.S.C. § 2255, claiming that the Court violated his Sixth Amendment right
20 to counsel when it dismissed attorney John Grele against Tillman's wishes. Relatedly, Tillman
21 argues that Maningo and Oronoz provided constitutionally deficient counsel.

22 **II.    Legal Standard**

23 28 U.S.C. § 2255 allows a custodial defendant to challenge his conviction on the grounds
24 that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C.
25 § 2255(a). Each of Tillman's claims arise out of his Sixth Amendment right to counsel, which
26 guarantees effective assistance of counsel at all "critical stages of a criminal proceeding." Lafler
27 v. Cooper, 566 U.S. 156, 165 (2012). A defendant's right to counsel is violated where he is
28 deprived of counsel entirely or where his counsel's performance was constitutionally defective.

- 3 -

**EOR 4**

1 Strickland v. Washington, 466 U.S. 668, 686 (1984). To demonstrate that counsel was
2 constitutionally inadequate, the defendant must show two things: (1) that counsel's
3 representation "fell below an objective standard of reasonableness;" and (2) that the defendant
4 suffered prejudice as a result. Id.; Lee v. United States, 137 S.Ct. 1958, 1964 (2017). In essence,
5 Tillman must demonstrate that his trial counsel made errors so serious that his conviction is not
6 reliable. Strickland, 466 U.S. at 687.

7       Section 2255 requires an evidentiary hearing unless the record "conclusively show[s] that
8 the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States v. Burrows, 872 F.2d 915,
9 917 (9th Cir. 1989). If the petition is based upon conduct that happened outside the courtroom
10 and off the record, the Court must hold an evidentiary hearing. Burrows, 872 F.2d at 917.
11 However, the Court may summarily dismiss the petition if the movant does not state a claim for
12 relief or if his claims are frivolous or palpably incredible. Id. citing Baumann v. United States,
13 692 F.2d 565, 570–71 (9th Cir. 1982). Finally, because the Court presided over Tillman's trial, it
14 may supplement the record with its own recollection of the disputed events and summarily
15 dismiss the petition. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

16    **III.**    **Analysis**

17       Tillman's motion to vacate alleges four constitutional deprivations that he claims warrant
18 overturning his conviction. There are three ineffective assistance of counsel claims and one claim
19 for a violation of his Sixth Amendment right to counsel. Each claim arises out of Tillman's
20 representation leading up to trial and his change of plea. Tillman also seeks leave to amend his
21 petition to add another ineffective assistance of counsel claim stemming from of his
22 representation at sentencing. The Court turns first to Tillman's motion to amend.

23    **A. Motion to Amend**

24       Tillman's new claim alleges that he received ineffective assistance of counsel at
25 sentencing because his attorneys did not request that Tillman receive credit for time served in
26 state custody. Tillman's claim is untimely. Section 2255 imposes a one-year limitations period
27 on petitions to vacate a sentence. 28 U.S.C. § 2255(f). That one-year period began on the date
28 Tillman's judgment of conviction became final. Id. § 2255(f)(1). Here, the clock started on May

1   18, 2015, when the Ninth Circuit dismissed Tillman's appeal. Order of Dismissal, ECF No.
2   1065. Tillman did not bring his additional claim until February 28, 2017—well outside the
3   statutory period to do so.
4         Tillman does not dispute that the claim is untimely. Rather, he argues that amendment is
5   appropriate because the claim relates back to the events in his original petition, which was
6   timely. A petitioner may amend its petition once as a matter of course prior to a responsive
7   pleading. Fed. R. Civ. P. 15(a); Mayle v. Felix, 545 U.S. 644, 655 (2005). Once the government
8   has responded, however, the movant may only amend with the government's consent or with the
9   Court's permission. Mayle, 545 U.S. at 663–64. When, as here, the movant is no longer eligible
10  to amend as a matter of course, the Court applies the Federal Rules of Civil Procedure to
11  determine whether the proposed amendment is appropriate. See Rules Governing § 2255
12  Proceedings, R. 12, 28 U.S.C. § 2255 (applying the Federal Rules of Civil Procedure to § 2255
13  proceedings). Whether amendment is proper depends on several factors, including: bad faith,
14  undue delay, prejudice to either party, any prior amendments to the petition, and the futility of
15  the proposed amendment. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).
16        Amendments to a § 2255 petition filed after the statute of limitations has expired must
17  relate back to the same transaction and occurrence as the claims in the original petition. Mayle,
18  545 U.S. at 655. A new claim does not relate back to the original petition merely because it
19  arises out of the same trial, conviction, or sentence. Id. at 662–64. Such a rule would "obliterate"
20  the statute of limitations. Id. at 659. Rather, the new claim must involve a common core of
21  operative facts of the same "time and type" set out in the original petition. Id. at 650. At bottom,
22  the new claim relates back when the original petition provides an "aggregation of facts from
23  which" the new claim arises. Ross v. Williams, 896 F.3d 958, 964 (9th Cir. 2018). However, if
24  the new claim requires the movant to plead facts outside the original petition, the amendment
25  does not relate back. Id.
26        Tillman's proposed amendment does not relate back to his original petition because it
27  arises out of his sentencing—a completely different transaction or occurrence than his pre-
28  sentencing claims. Tillman's initial petition alleges: (1) counsel failed to protect certain appellate

1   rights and coerced him into accepting the government's plea agreement; (2) counsel failed to file
2   a motion to dismiss based on violation of his right to a Speedy Trial; and (3) counsel failed to
3   disclose the elements of and applicable defenses to the RICO-murder charge against him. See
4   generally Mot. to Vacate, ECF No. 1098. Tillman's fourth claim alleges a violation of his Sixth
5   Amendment right to counsel based on Judge Jones's dismissal of attorney, John Grele. The
6   motion to amend proposes a fifth ground for relief wherein Tillman claims his trial counsel failed
7   to request application of USSG § 5G1.3(b), which would have allowed the Court to consider the
8   time Mr. Tillman spent in state custody when it fashioned his federal sentence.
9       Tillman's proposed amendment, however, arises out of a different stage in the litigation
10  entirely, and its success would require discrete facts not pleaded in the original petition. Aside
11  from being a claim for ineffective assistance of counsel, Mr. Tillman's proposed claim has very
12  little in common with the remainder of his original claims. Each of Tillman's original claims
13  arose out of his counsel's *pre-trial* performance. Particularly, those claims cover the interactions
14  between Mr. Tillman and his attorneys during his pre-trial preparation and his negotiations
15  leading up to his change of plea. Each of counsel's alleged shortcomings occurred before Mr.
16  Tillman signed his plea agreement, pleaded guilty, or received his sentence.
17      The new claim, on the other hand, arises out of conduct related to his attorneys'
18  performance at his sentencing nearly six months after he pleaded guilty. The core factual
19  allegations in this new claim are fundamentally different than the facts surrounding his pre-plea
20  representation. To prove the claim, Tillman would need to allege and prove a completely
21  different aggregation of facts than those in his original petition. And when, as here, the new
22  claims "depend upon events separate in both time and type from the originally raised [claims],"
23  they do not relate back. Mayle, 545 U.S. at 657. And so, Tillman's motion to amend does not
24  relate back to his original petition under Rule 15(c) and is untimely. Therefore, the Court denies
25  Tillman's motion to amend.
26  ///
27  ///
28

B.  **Motion to Set Aside Conviction**[1]

Having denied Tillman's motion to amend, the Court is left with his four original claims: (1) ineffective assistance of counsel against Maningo and Oronoz for allowing Tillman to waive certain collateral attack rights; (2) ineffective assistance of counsel against Maningo and Oronoz for failing to file a third motion to dismiss Tillman's indictment based on Speedy-Trial violations; (3) ineffective assistance of counsel against Maningo and Oronoz for failing to advise Tillman of his liability under RICO for the murder of Brian Wilcox; and (4) a Sixth Amendment violation related to the Court's dismissal of Tillman's former counsel, John Grele. While each of Tillman's claims arise out of the Sixth Amendment, the Court will address them in two groups. First, it will analyze Tillman's claim that the Court violated his Sixth Amendment right to counsel when it removed attorney John Grele. It will then consider Tillman's ineffective assistance of counsel claims against Maningo and Oronoz.

1. **Sixth Amendment Right to Counsel**

Tillman first claims that the Court violated his Sixth Amendment right to his "choice of counsel" when it dismissed John Grele over his objections and appointed Lance Maningo and James Oronoz in Grele's place. Mot. to Vacate 6, ECF No. 1098. The Sixth Amendment guarantees that criminal defendants receive effective representation at the critical stages of their case. U.S. Const. amend. VI; Lafler v. Cooper, 566 U.S. 156, 165 (2012). However, the constitution does not extend to indigent defendants the right to be represented by the counsel of their choosing. Caplin & Drysdale v. United States, 491 U.S. 617, 624 (1989); Gonzalez v. Knowles, 515 F.3d 1006, 1012 (9th Cir. 2008). In fact, the constitution does not even guarantee a "meaningful attorney-client relationship." Morris v. Slappy, 461 U.S. 1, 13 (1983). It merely imposes a duty to appoint an attorney who is "facially competent." Gonzalez, 515 F.3d at 1012.

The Court met that duty. Tillman was not entitled to the attorney of his choice, and he received competent counsel following Grele's dismissal. And even if Tillman made a credible argument to the contrary, he waived his right to collaterally attack his conviction based on

---

[1] The Court determines that the record in this case coupled with the affidavits of Tillman's former attorneys is sufficient to decide these claims without an evidentiary hearing. See United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).

- 7 -

**EOR 8**

1 Grele's dismissal. Tillman's plea agreement contemplated this issue and explicitly stated that
2 Tillman "knowingly and expressly waives all collateral challenges, including any alleged
3 constitutional or statutory Speedy Trial violations," and "*any claims under 28 U.S.C. § 2255, to*
4 *his conviction, sentence, and the procedure by which the Court adjudicated [his] guilt*." Plea
5 Agreement 13, ECF No. 1018 (emphasis added). Tillman's Sixth Amendment claim falls
6 squarely within the class of collateral challenges that he knowingly and voluntarily waived in his
7 plea agreement. Accordingly, the Court denies Tillman's motion to vacate inasmuch as it
8 depends upon this alleged constitutional violation.

9 **2. Ineffective Assistance of Counsel**

10 Tillman argues that attorneys Maningo and Oronoz provided ineffective assistance of
11 counsel for three reasons. First, he claims that they created an impermissible conflict of interest
12 by allowing him to waive his right to collaterally attack his conviction for any constitutional
13 violation and for claims of ineffective assistance of counsel. Mot. to Vacate 5A, ECF No. 1098.
14 Next, Tillman claims he received ineffective assistance of counsel because Maningo and Oronoz
15 refused to file a third motion to dismiss Tillman's indictment for violations of his Speedy Trial
16 rights. Id. at 6. Finally, Tillman claims that Maningo and Oronoz failed to explain that Tillman
17 could be found guilty for RICO-murder even if he did not personally shoot Brian Wilcox. Id. at
18 7.
19 The Sixth Amendment guarantees more than just the appointment of counsel; it
20 guarantees effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685 (1984)
21 ("[t]hat a person who happens to be a lawyer is present at trial alongside the accused, however, is
22 not enough to satisfy the constitutional command . . . An accused is entitled to be assisted by an
23 attorney . . . who plays the role necessary to ensure that the trial is fair").[2] Strickland outlines two
24 avenues to prevail on a claim for ineffective assistance of counsel. Tillman will prevail if he can
25 show either: (1) that the government interfered with his right to counsel or (2) that his counsel
26 failed to provide adequate legal assistance. Strickland, 466 U.S. at 686.
27
28  [2] Although Strickland encountered an ineffective assistance of counsel claim at a capital sentencing proceeding, its two-prong test also applies to claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985).

- 8 -

**EOR 9**

1        Here, Tillman does not claim that there was an impermissible interference with the
2 appointment of his counsel. He claims that the attorneys he did receive failed to provide an
3 adequate defense. Thus, Tillman is left with Strickland's two-part test: deficient representation
4 and prejudice. Tillman must show that his attorney committed errors "so serious that counsel was
5 not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Id. at 687. This is
6 an objective analysis that examines the attorney's behavior compared to "prevailing professional
7 norms." Id. at 688. The Court is "highly deferential" in its evaluation of trial counsel. Id. at 689.
8 While hindsight may tempt the Court to critique counsel's performance after the fact, the Court
9 must presume that counsel's performance was solid trial strategy. Id.

10        If Tillman shows deficient performance, he must then show that that performance
11 prejudiced the outcome of his proceeding. Prejudice is presumed in certain cases where the
12 interference with counsel's assistance so likely affected the judgment that further inquiry is
13 unnecessary. Id. at 692. For example, prejudice is presumed where a defendant is "denied
14 counsel at a critical stage of his trial," United States v. Cronic, 466 U.S. 648, 659 (1984), where
15 he is left "entirely without the assistance of counsel on appeal," Penson v. Ohio, 488 U.S. 75, 88
16 (1988), or where "counsel entirely fails to subject the prosecution's case to meaningful
17 adversarial testing." Cronic, 466 U.S. at 659. Prejudice is also presumed where counsel fails to
18 file a notice of appeal and thereby denies the defendant of an appeal "he otherwise would have
19 taken." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). Recently, the Supreme Court extended
20 that reasoning to defendants who have signed a waiver of appeal. See Garza v. Idaho, 139 S.Ct.
21 738, 744 (2019).

22        If Tillman's claims do not fall into one of those categories, the Court will not presume
23 prejudice. Tillman must then affirmatively prove that his counsels' deficient performance
24 prejudiced him. It is not enough for Tillman to show that his attorney's errors had some effect on
25 the outcome of his case. Strickland, 466 U.S. at 693. Tillman must show a reasonable probability
26 that, but for counsel's errors, the result of his case would have been different. Id. at 694.

27        Here, however, Court need not reach whether Tillman suffered prejudice because he has
28 not shown that his attorneys' performance was deficient.

a. <u>**Waiver of Collateral Attack Rights**</u>

Tillman first argues that he received deficient counsel because his attorneys negotiated a plea agreement that required Tillman to waive both his right to appeal Speedy Trial violations and his right to collaterally attack his conviction due to ineffective assistance of counsel. Mot. to Vacate 5–5A, ECF No. 1098. Tillman is correct that if his attorneys negotiated a plea agreement that waived the right to pursue ineffective assistance of counsel claims, the attorneys would have indeed rendered ineffective assistance of counsel. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (defendant cannot waive the right to pursue claims of ineffective assistance of counsel under § 2255). However, that did not happen here. To the contrary, Tillman's plea agreement explicitly reserved his right to collaterally attack his conviction based on his attorney's performance. Plea Agreement 13, ECF No. 1018 ("[Tillman] knowingly and expressly waives all collateral challenges . . . *except non-waivable claims of ineffective assistance of counsel*") (emphasis added). Accordingly, Tillman's claim fails inasmuch as it relates to a waiver of his right to pursue ineffective assistance of counsel claims.

The Court is left with Tillman's claim that he received deficient representation because his attorneys allowed him to waive his right to appeal Speedy Trial violations in his plea agreement. This argument boils down to a disagreement over counsel's strategy to negotiate Tillman's guilty plea. At the time Tillman negotiated the plea agreement, he had already started trial. Tillman faced a possible life sentence for murder and had very little leverage in the negotiations. Yet, the government agreed to take Tillman's guilty plea, dismiss the remaining charges against Tillman, and jointly recommended a term of twenty-three years. To get there, however, the government insisted on the appeal waiver. Maningo Decl. 1–2, ECF No. 1186-1. Considering the facts surrounding the plea agreement, the Court finds that the defense attorneys' decision to negotiate that plea and save Tillman from a possible life sentence is sound strategy that is entitled to the Court's deference.

Nevertheless, Tillman argues that the waiver is impermissible because "the Court and government counsel conceded to facts supporting a violation of [his] Speedy Trial rights." Mot. to Vacate 5A, ECF No. 1098. Absent from Tillman's claims, however, is any allegation or

1  implication that his waiver was involuntary or that the consequences of the waiver were
2  unknown. A plea agreement is a contract after all, and Tillman knowingly sacrificed certain
3  appellate rights to enjoy the benefit—a drastically reduced sentence—that the government
4  offered. The Ninth Circuit came to the same conclusion when it dismissed Tillman's direct
5  appeal of his Speedy Trial claims. See USCA Order of Dismissal, ECF No. 1065 (dismissing
6  Tillman's appeal "in light of the valid appeal waiver"). Accordingly, the Court finds that
7  Tillman's waiver of his right to appeal Speedy Trial violations was knowing and voluntary and
8  that his counsel's willingness to negotiate such an agreement was not ineffective assistance of
9  counsel.

### b. Failure to File Motion to Dismiss for Speedy Trial Violations

11  Next, Tillman claims that he received ineffective assistance when his attorneys failed to
12  move to dismiss his indictment based on Speedy Trial violations. To be clear, Tillman does not
13  argue that counsel failed to pursue dismissal based on Speedy Trial violations. He argues that his
14  attorneys refused to file a *third* motion to dismiss for Speedy Trial violations. However, like
15  Tillman's first claim, he has waived his right to attack his conviction on this ground. And even if
16  Tillman had not waived that right, his counsel's decision not to file a third motion to dismiss the
17  indictment was sound trial strategy that deserves the Court's deference.
18  Tillman's valid appeal waiver specifically covered this issue. In Tillman's plea agreement
19  he "expressly waive[d] all collateral challenges, including any alleged constitutional or statutory
20  Speedy Trial violations." Plea Agreement 13, ECF No. 1018. The Court finds that Tillman
21  accepted the waiver knowingly and voluntarily, which he does not dispute. Therefore, the Court
22  is not required to reach the merits of Tillman's challenge.
23  Regardless of the waiver, Tillman's counsel twice moved to dismiss the indictment due to
24  Speedy Trial violations. See ECF Nos. 656, 977. The Court denied both motions finding that
25  although the length of time between indictment and trial was worrisome, dismissal was
26  unwarranted. Id. In their declarations, both Maningo and Oronoz explained their decision not to
27  move for dismissal a third time. They state that they assumed the two prior motions to dismiss
28  sufficiently preserved that issue for appeal and that a third motion would be futile. Maningo

1     Decl. 2, ECF No. 1186-1; Oronoz Decl. 2, ECF No. 1186-2. Based on that assumption, the

2     attorneys made the conscious decision to forego a third motion. Id. Their decision is an example

3     of a reasonable representation strategy that Strickland cautioned the Court not to disturb.

4          Accordingly, the Court finds that Tillman knowingly and voluntarily waived his right to

5     appeal Speedy Trial violations. Further, even if he had not waived that right, Tillman's counsel

6     made a reasonable decision not to file a third motion to dismiss the indictment after the Court

7     had denied the first two motions.

8                         c. **Liability Under RICO**

9          Finally, Tillman argues that his attorneys failed to communicate to him the extent of his

10     liability for Brian Wilcox's murder under the Racketeer Influenced and Corrupt Organizations

11     Act. Tillman claims that he learned for the first time at trial that he could be found guilty of

12     murder under RICO even if he was not the person who shot Wilcox. Had he known this, Tillman

13     claims he would have accepted an earlier plea agreement, which carried an eighteen-year

14     sentence. Mot. to Vacate 7–7B, ECF No. 1098. Both of Tillman's attorneys counter that they

15     "thoroughly and extensively discussed the issues of Tillman's liability" under RICO. Maningo

16     Decl. 2, ECF No. 1186-1, Oronoz Decl. 2, ECF No. 1186-2.

17          This claim boils down to the credibility of Tillman's allegations against Maningo and

18     Oronoz—two experienced criminal defense attorneys. To determine the credibility of Tillman's

19     claims, the Court may supplement the record with its own recollection of the events. Blackledge

20     v. Allison, 431 U.S. 63, 74 n.4 (1977). Here, the Court has already encountered Tillman's

21     argument and found that he was not credible on the record. On November 25, 2014, the Court

22     held a hearing on Tillman's motion to dismiss his counsel. In that hearing, Tillman made this

23     exact argument—that his attorneys did not communicate the vicarious-liability standard for

24     murder under RICO, which caused Tillman to reject plea offers in favor of going to trial. Trans.

25     7, ECF No. 1045. The Court heard Tillman's argument and found that it was "incredible" that he

26     "had two attorneys, before [Maningo and Oronoz]" who "billed over a million dollars" on the

27     case and never advised Tillman of his liability under RICO. Id. The Court specifically found that

28     Tillman was not credible. Id. Tillman's current motion does not add any argument that would

1 cause the Court to reconsider that credibility determination.

2     Finally, it strains credulity that Tillman could have four court-appointed attorneys—at
3 least one of which was learned counsel to try Tillman's death-penalty case—and have none of
4 them communicate to Tillman that he could be found guilty for murder under RICO, even if he
5 did not pull the trigger. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989) ("Judges
6 may also use common sense" when evaluating a § 2255 claim). Accordingly, the Court renews
7 its finding that Tillman's counsel adequately explained Tillman's liability for murder under
8 RICO and denies his motion to vacate.

9     **C. <u>Certificate of Appealability</u>**

10     Finally, the government asks that the Court deny Tillman a certificate of appealability
11 because Tillman has not made the threshold showing necessary to warrant an appeal of this
12 order. A certificate of appealability enables a § 2255 petitioner to pursue appellate review of a
13 final order. It is only available where the petitioner has "made a substantial showing" of a
14 constitutional deprivation in his § 2255 petition. 28 U.S.C. § 2253(c)(2); Welch v. United States,
15 136 S.Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional
16 violation where reasonable judges could disagree whether he has suffered such a deprivation.
17 Slack v. McDaniel, 529 U.S. 473, 484 (2000). That is not the case here. Of Tillman's four
18 claims, he waived the right to pursue three of them. As to the fourth—Tillman's claim that he
19 was not aware of his liability for murder under RICO—it is nonsensical to argue that not one of
20 Tillman's attorneys conveyed to him his liability under RICO. And more, the Court made a
21 credibility finding on the record that Tillman's claim was not believable, which is unlikely to be
22 disturbed on appeal. Accordingly, Tillman has not made the substantial showing necessary to
23 warrant a certificate of appealability.

24 ///
25 ///
26 ///
27 ///
28 ///

IV. **Conclusion**

Accordingly, IT IS HEREBY ORDERED that Tillman's motion for leave to amend (#1140) and his motion to vacate, set aside or correct sentence (#1098) are **DENIED**.

Dated this 24th day of June, 2019.

_____
Kent J. Dawson
United States District Judge